BENNIE YOUNG v. THE STATE.

No. 7267.   Decided Jan. 14, 1923.

Rehearing Denied April, 1923.

1.—Murder—Companion Case—Practice on Appeal.

Where many of the questions raised in the instant case are similar to those raised and decided adversely to appellant in a companion case, they will not be considered on this appeal.

2.—Same—Evidence—Bill of Exceptions—Declarations by Defendant.

Where the bills of exception do not show that the facts relied upon as the basis of the objection in truth existed, they will not be considered on appeal, however, the record shows that the confessions even if made under arrest led to the finding of the instrument with which the murder was committed, and there is no reversible error.

3.—Same—Declarations by Defendant—Arrest—Co-defendant.

Where the record showed that the statements made by defendant in the presence of his co-defendant and the reply of the co-defendant was made in defendant's presence and in response to the statements and accusations of defendant, there was no error in overruling the exceptions that the co-defendant was under arrest at the time.

4.—Same—Newly Discovered Evidence—Finger Prints.

Where the evidence relied upon as newly discovered was that of a supposed finger print expert whose affidavit was attached to motion for new trial, to show that they were not the finger prints of defendant or his co-defendant, but the record also showed that this evidence could have been elicited and obtained at the time of the trial, there was no error in overruling the motion.

5.—Same—Sufficiency of he Evidence—Practice on Appeal.

Where, upon trial of murder, appellant's defense was that of an alibi and also of the fact that he was of unsound mind both theories having been properly submitted to the jury, and the testimony amply supported the judgment of conviction, there is no reversible error.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of murder; penalty, imprisonment for life.

The opinion states the case.

*Garrett & Sheehy* for appellant.—Cited cases in companion case, Johnson v. State, No. 7266 recently decided.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of murder in the District Court of McLennan County, and his punishment fixed at confinement in the penitentiary for life.

This is a companion case to No. 7266, Johnson v. State, recently decided by this court, a motion for rehearing in which is acted upon by us of this date. Many of the questions raised herein are similar to those raised and decided adversely to appellant in the Johnson case.

Appellant was charged with the murder of Homer Turk. From the record it is made to appear that about the 11th of February, 1922, in McLennan county, Texas, Mr. and Mrs. Barker and a boy named Homer Turk, aged about thirteen, were killed by some o     at the home of the Barkers. The Turk boy had gone over to the Barker home to play dominoes. Dominoes were found on the table drawn and separated into hands as though the parties had been engaged in playing said game. The body of Mr. Barker was found in the back yard near a woodpile, shot through the head. The body of Mrs. Barker was found in the house and her head was cut to pieces by blows from an axe; the Turk child was also killed by blows inflicted with an axe. Pools of blood were in different places and in or near one of them the head of an axe was discovered and not far away the blood stained handle of said axe.

Appellant and Cooper Johnson were both arrested some days after the homicide and both made confessions, each admitting his presence and participation in the tragedy, but each seeking to lay the principal blame and chief part in the killing and taking of money from the Barkers, upon the other. Appellant was without counsel, and this being a capital case, attorneys were appointed who have briefed and argued this case in our court, and who represented him and presented his case without compensation, both in the court below and here.

There are seven bills of exception in this record. Bills of exceptions Nos. 1, 2, 3 and 4 may be disposed of upon practically the same ground. Complaint is made of the fact that Mr. Stegall, one of the officers who participated in the arrest of appellant and his codefendant, was permitted to testify to statements made by appellant,

it being objected to same that appellant was under arrest and in the custody of said witness at the time the statements were made. We might dispose of these bills of exception upon the application of the rule that the statement of the grounds of exceptions to evidence admitted, by the attorneys for the defense, will not be held by us tantamount to a showing of the existence or truth of the facts so stated as such reasons for making the objection. It must be shown otherwise in the bill that the facts relied upon as the basis of the objection, in truth existed. However, we have examined the bills of exception under discussion. It appears from each that in connection with said statements appellant confessed his complicity in the crime charged, and that part of the statements so made by him in his confession relating to the use of an axe and the place where the axe could be found, appeared upon investigation to be true. After making the confession appellant told the officers where they would find the axe and accompanied them to the place, and they there found the axe with blood spots upon it. On page 756 of Mr. Vernon's C. C. P. we find the following statement:

"When in connection with a confession, the party makes a statement of facts, or of circumstances that are found to be true, which conduce to establish his guilt, such confession is admissible against him, whether it was voluntarily made or not, or whether he was first cautioned or not. The entire confession, together with such statements of facts or circumstances found to be true, are admissible in evidence against him."

Many authorities are cited in support of the principle announced. Same is entirely applicable to the matter contained in each of the four bills of exception referred to.

Appellant's fifth bill of exceptions presents his objection to a statement claimed to have been made by his codefendant Cooper Johnson while both were in the custody of Mr. Jackson, an officer. It appears from the bill that when this appellant stated that Cooper Johnson killed old man Barker and Mrs. Barker, Johnson replied: "Yes, I did it all, didn't I?" We fail to perceive any ground of objection to said testimony. It would appear to be an admission on the part of Cooper Johnson that he was responsible for the homicide and not this appellant. The objection set out in said bill of exceptions is that Cooper Johnson's statements were hearsay and tended to incriminate this appellant. Neither objection is tenable. The statements were made by appellant in Cooper Johnson's presence, and the response to the statements and accusations of appellant.
reply of Cooper Johnson was made in appellant's presence and in

Appellant's sixth bill of exceptions complains of the refusal of the trial court to grant him a new trial sought chiefly upon the ground of newly discovered evidence. The rules applicable to the granting of a new trial for the reason stated will be found collated

under Art. 840, Vernon's Ann. C. C. P., pp. 800 to 806. They are not new, and are well known. It must be made to affirmatively appear that the evidence relied upon as newly discovered was not known to appellant or his counsel at the time of the trial, and that same could not have been discovered by the exercise of reasonable diligence. The evidence relied upon as newly discovered was that of a supposed finger print expert whose affidavit was attached to the motion for new trial and by whom appellant alleged that he expected to show that the finger prints found upon the bloody axe handle at the scene of the homicide, were not the finger prints either of himself or of Cooper Johnson. It is set up in the motion for new trial that appellant did not make any effort to ascertain the name or whereabouts of said finger print expert, because from the testimony of the witness Burton he was led to believe that such testimony either did not exist or that it was immaterial. Examining the testimony of Mr. Burton as given upon this trial we find that upon cross-examination he stated in response to questions propounded by appellant's attorney as follows:

"There was a young man came in here that had a certificate as a finger print expert. We attempted to have some finger prints developed off of the handle of that axe. He took pictures of the prints on that axe. He said he got some ridges on a couple of fingers, I believe, but he said he was doubtful whether it was sufficient to make any comparison."

If the record speaks the facts, and we are bound to conclude that it does; no question was asked Mr. Burton as to the name of this alleged finger print expert, nor was he asked where he could be found or what his address was, or whether he was present at the trial or where the attempted finger print pictures were, nor were any other inquires made which would have elicited information by means of which the witness could have been obtained and the testimony, now alleged to be newly discovered, had before the jury. It is made to appear that Mr. Burton testified on Friday morning and that the case continued on trial during Friday and Saturday. The finger print expert lived in or near the city of Waco where the trial was had. That he was known to the officers appears. That a subpoena issued for him at the time Mr. Burton testified or thereafter during the trial could easily have procured his presence, is also evident. We are compelled to hold that no diligence was shown in the matter of obtaining the testimony now claimed to be newly discovered.

Appellant's defense was that of alibi, and also of the fact that he was of unsound mind. Both theories were submitted by the court in a manner so satisfactory to appellant as that he took no exception to the charge of the trial court.

The testimony amply supports the judgment.

There being no error in the record, the judgment will be affirmed.

*Affirmed.*