### NICHOLAS FLORES v. THE STATE.

#### No. 7485.　Decided May 30, 1923.

**1.—Theft—Evidence—Compromising Offense—Absence of Defendant.**

If defendant absented himself from his home town for a year immediately following the discovery of the loss of the animal alleged, and his admission of having taken it, etc., would be a pertinent circumstance to go before the jury; and the fact that he had given a note to the owner after the discovery of the theft would not prevent the prosecution.

**2.—Same—Leading Question—Harmless Error.**

Where there was nothing apparently calculated to injure the defendant in the question and answer as to what defendant said when he was first charged with the stealing of the heifer, the objection thereto as a leading question was harmless.

**3.—Same—Evidence—Acts of Injured Party—Hearsay.**

There was no error in permitting the party whose heifer was supposed to be stolen that he tried to find the defendant after he gave the note, etc., especially where there was no objection raised on the question of hearsay, etc.

**4.—Same—Evidence—Cross-Examination.**

Where the record on appeal justifies the presumption that the court sustained the objection to certain cross-examination of the witness, and instructed the jury not to consider it there was no reversible error.

**5.—Same—Newly Discovered Evidence—Rule Stated—Diligence.**

One who seeks to obtain a new trial on newly discovered evidence must bring himself within the rules of diligence laid down, and must show not only that the testimony was not known to him or his attorney at the time of the trial, but that it could not have been discovered by them by the exercise of reasonable diligence.

Appeal from the District Court of Tom Green. Tried below the Honorable C. E. Debois.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. A. Anderson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Tom Green County of felony theft, and his punishment fixed at two years in the penitentiary.

The property stolen was a jersey heifer. The alleged owner testified that after searching for his animal he found where she had been killed near an old well not far from an abandoned house in the little village of Knickerbocker in Tom Green County. Blood was there on the ground. In the well he discovered a hide and entrails. According to his testimony said hide bore the brand of his heifer. He further stated that afterward he accused appellant of taking the animal and appellant finally admitted it and agreed to pay him for it. He further said that thereafter appellant executed a note to him for fifty dollars but said note was never paid. Another State witness testified that he went with the owner of the heifer to the old well out of which they got parts of the hide that had been cut up and put most of the pieces together and to this witness it appeared that the brand on the hide was A J on the left hip. This was the brand testified to by the owner as being that on his lost heifer. Said witness further testified that between the old house and the well there was something that looked like blood on the ground and it showed that it went into the well. Another State witness testified that he was present when appellant gave the note to the owner of the alleged stolen heifer. He said that appellant asked the wife of said owner "What is your animal worth" and that she answered "Fifty dollars," and that appellant said to her, "I have no money right now," and she replied that she did not want the money, that she wanted him to give a note, and that appellant said in thirty days he would pay them. This witness further stated that after the parties had the settlement, that appellant told him that this was the first poor Mexican he ever took anything from.

Appellant claimed to have bought the animal and to have given the note for fifty dollars, which was introduced in evidence, in payment for the heifer and for some liquor of the value of twenty dollars which he claimed to have gotten from the owner of said animal. He denied having put the hide of the animal in the well but said he left it on a rock fence.

Appellant has a bill of exceptions to the admission of the testimony of the alleged owner of the stolen animal to the fact that after appellant gave him the note in payment for the animal, that it was over a year before he saw him. We observe that another witness who stated that he lived in the village of Knickerbocker, testified that after the note was given by appellant he did not see him until after his arrest, which took place more than a year after said animal was taken. We are unable to agree with counsel for appellant that this

would be immaterial, irrelevant, prejudicial or argumentative. If appellant absented himself from his home town for a year immediately following the discovery of the loss of this animal, and his admission of having taken it as testified to by the State witness, we think it would be a pertinent circumstance to go before the jury. The fact that he had given a note to the owner after the discovery of the theft, would in nowise prevent a prosecution for an offense against the laws of the State and the jury were entitled to consider his absence as a circumstance tending to show flight if they saw fit to do so.

Appellant's complaint of the question to the alleged owner of the stolen heifer as to what appellant said when he was first charged with stealing said heifer, would seem open to the objection that it was leading, but an examination of the answer made by the witness shows that the vice of the form of the question was productive of no results, if intended. The answer of the witness is rather lengthy and after detailing a number of other facts he finally says that he saw appellant and told him that he had lost his heifer and if he took her to tell him and it would be all right, but appellant denied taking it and said that he sold some meat which came out of a black heifer. The stolen animal was a red heifer. We see nothing apparently calculated to injure appellant in the question and its answer.

Nor do we see any error in permitting the party whose heifer was supposed to be stolen to testify that he tried to find appellant after he gave the note. In the answer of said witness appear some matters which are hearsay and not responsive to the question asked, but there was no objection based on this fact, nor any request to strike out such answers, nor to instruct the jury not to consider them. We see no possible injury to appellant which could result from asking the alleged owner of the stolen animal if the note was payable to him, nor in his answer that it was payable to his wife. The question to State witness Boyd, who had testified that he had heard of the loss of the heifer, as to what he did, would not seem subject to the objections made. The witness answered that he went to help look for the lost yearling and then further detailed the finding of the hide in the well. This witness was also permitted to testify that he looked for appellant after that to see if he stayed there and he did not. As above indicated, we think it was proper to prove that appellant absented himself after he had given this note.

Appellant's bill of exceptions No. 7 shows that State witness Lovos was asked by appellant's counsel on cross-examination if he did not hear the owner of said animal say to appellant at the time of the making of the note in question, "You owe me for two bottles of whisky." This witness testified that he heard nothing of that kind. Upon redirect examination State's attorney asked the witness if he had heard of appellant bootlegging any whisky. The bill of exceptions shows that appellant excepted to the question. Whether it was

answered, or whether the court sustained or overruled the objection, in nowise appears in the bill of exceptions. Our presumption would be that the court sustained the objection and instructed the jury not to consider it.

Appellant asked for a new trial in part upon the newly discovered evidence of a Mexican witness who lived in the little village of Knickerbocker and only a short distance from appellant and who had been living there continuously from the time of the alleged theft down to the time of the trial. The new facts sought to be elicited from said witness were stated to be that he would testify that he saw the hide of a yellow heifer hanging on a rock fence at appellant's residence, and that this was the hide of the alleged stolen heifer. No sufficient reason or excuse for an investigation and ascertainment of the testimony of this witness was set up in the motion. If he was a close neighbor to appellant and if appellant expected to rely upon the fact that he hung the hide of the alleged lost animal on his fence and that it remained there, such fact would appear to be one easily noticed by his neighbors and proven by them. One who seeks to obtain a new trial on newly discovered evidence must bring himself within the rules of diligence laid down, and must show not only that the testimony was not known to him or his attorney at the time of the trial but that it could not have been discovered by them by the exercise of reasonable diligence.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*