### LORENZO SALAS v. THE STATE.

No. 18538. Delivered November 12, 1936.

The opinion states the case.

*George Rodriguez* and *Stanley W. Caufield,* both of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, imprisonment in the penitentiary for life.

On the night of September 21, 1935, J. R. Gentry was killed in El Paso, Texas, by a blow from an unknown weapon which crushed his skull. Witnesses identified appellant and one Guzman as the assailants. By agreement appellant was tried first. His defense was an alibi, and he testified that he was not present at the scene, had no part in the killing. The jury's conclusion of guilt appears supported by facts sufficient if accepted as true.

There are five bills of exception. Bill No. 1 urges error in the refusal of a new trial sought because of alleged newly discovered evidence, to-wit: the testimony of three young Mexicans who made affidavits that they were present and saw the fatal blow struck, and that the assailant was neither appellant nor Guzman. The motion for new trial was controverted by the State. Upon presentation of the motion the court heard evidence, and overruled said motion, which action must be upheld by us unless reasonably believed to be an abuse of the discretion in the premises, of the trial judge.

We find in the record no suggestion of an abuse of the court's discretion. Appellant was represented on his trial by two attorneys. Only one of them, and he the younger of the two, makes affidavit, in support of the motion for new trial, as to his lack of knowledge of the testimony of the witnesses alleged to be newly discovered. It was shown on the hearing of the motion that the alleged newly discovered witnesses were not only near neighbors and friends of appellant,—one living in the same block with him,—but that all said witnesses had been visitors to the jail to see appellant and his co-defendant Guzman, while awaiting trial for this offense. It was also shown without dispute that after appellant was tried and con-

victed, his co-defendant Guzman was also tried, and that each witness, alleged to be newly discovered, appeared and testified for Guzman, who was nevertheless convicted and given a twenty-five year sentence. The absence of the affidavit of appellant's other attorney is significant. Nor did said other attorney appear and give evidence when the motion for new trial was heard. This court held in Gerlick v. State, 86 Texas Crim. Rep., 252; Young v. State, 94 Texas Crim. Rep., 195; Flores v. State, 94 Texas Crim. Rep., 453; Behrens v. State, 99 Texas Crim. Rep., 56; Williams v. State, 125 Texas Crim. Rep., 31, and Rawls v. State, 76 S. W. (2d) 1053, that a claim that evidence was newly discovered would not be sufficient to call for a new trial, unless the record show such testimony to have been unknown to appellant's counsel. As above stated, this was not shown. The trial court's action in refusing the motion for new trial was correct for several reasons.

Bill of exceptions No. 2 presents only that apellant objected to a certain matter, and brings forward no certificate of the trial court, or any statement of facts certified to by the court, from which we might know that the objection was well taken. No error appears. What we have just said is true of the remaining three bills of exceptions, each of which complains of argument of the State's attorney, but lacks any certificate of the court certifying any grounds or matters in support of appellant's complaint. We can not appraise alleged wrongs perpetrated in a trial unless the bill of exceptions reserved manifests not only that the objection was made, but also that facts existed and are certified by the court so that this court can know that the alleged error was such in reality.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*