WILLIAM HAROLD KING v. THE STATE.

No. 21248.  Delivered November 13, 1940.
Rehearing Denied December 18, 1940.

The opinion states the case.

*Taylor, Irwin & Irwin,* and *T. K. Irwin,* Jr., all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is an assault to murder with malice. The punishment assessed is confinement in the state penitentiary for a term of four years.

The record shows that on the 10th day of December, 1939, the appellant and the injured party were both employed at Claudia Ware's night club. Appellant was a tap dancer and the injured party was the collector of admittance tickets to the dance hall. On the night in question, appellant, who had a courtesy ticket, came to the night club with one, Ozene Ballard, and asked the injured party to admit Ballard without requiring him to purchase a ticket, which request was refused unless he obtained a special permit from Claudia Ware, the owner. Appellant undertook to shove his companion Ballard through the open doorway into the building. The injured party protested and blocked the door. A scuffle ensued during which appellant drew

a pistol and shot the injured party in the lower part of the abdomen.

Appellant's only complaint is that the court erred in overruling his motion for a new trial based on what he claims was newly discovered evidence. He set up in his motion that he was confined in jail from the 8th day of January (the day the indictment was returned) to the 26th day of January, when he was tried; that he did not know Ozene Ballard's name, did not know where he lived or where he worked. However, he made no effort to ascertain his name or whereabouts from any of the parties present at the scene of the difficulty or to locate him and have process issued for him; that he made no application for a continuance by reason of the absence of said witness; that within a short time after his trial appellant's attorney located the witness, interviewed him and discovered that he was a material witness in his behalf. In our opinion, appellant has failed to exercise that degree of diligence required by law to entitle him to a new trial upon the ground of newly discovered evidence. See Art. 753, note 25, Vernon's Ann. Texas C. C. P., Vol. 3, pages 13-15.

His next ground in his motion for a new trial is also based on what he claims to be newly discovered testimony of the witness, Bonita Laporez, who claimed to have been at the night club on the night in question and saw something "shiney" in the hands of the injured party during the altercation. This party was summoned by the State as a witness. She appeared at court, was placed under the rule with other witnesses, but neither appellant nor his attorney made any effort to ascertain what she saw or knew about the assault. The court overruled the motion and appellant excepted and brings to this Court for review by two separate bills of exception the court's ruling on his motion for a new trial.

The first bill is qualified by the court and in his qualification he states that appellant failed to use proper diligence to secure the attendance of Ballard as a witness; that if he had used the same degree of diligence before his trial as he did thereafter he would have found the witness.

The testimony of Bonita Laporez is in substance and effect similar to the testimony given by other witnesses, was cumulative and would not have changed the result. We think that the qualification to each of the bills stating the court's conclusion for his action in overruling appellant's motion for a new trial finds ample support in the testimony offered on the hearing

thereof. Bonita Laporez testified at the hearing of the motion for a new trial that she was called as a witness and placed under the rule with the other witnesses; that no white person made any inquiry of her as to what she knew about the case; that if she had been called to the witness stand she would have testified to all the facts within her knowledge relative to the case, but she was not called upon by the State to testify, and appellant, with knowledge of her presence, made no effort to interview her. Can it be said that appellant exercised the required diligence to entitle him to a new trial on the ground of newly discovered evidence which he might have discovered before or during the trial had he made any inquiry of the witness? We think not. See Salas v. State, 98 S. W. (2d) 203; Parrot v. State, 101 Texas Cr. R. 553.

Finding no reversible error in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant knew of the witness Ozene Ballard at the time he went to trial, but didn't have his name and contends that he was unable to subpoena him. The witness was his companion on the occasion of the assault and his presence was known to appellant. The complaint is only that he did not know his name and did not know how to have him subpoenaed as a witness, but learned this after his trial. The existence of the witness was known to the appellant at the time he went to trial. He might have, at that time, presented a motion for a continuance until he could learn the name of his witness and secure his evidence. At least, the proposition would have had considerably more force than it does presented as newly discovered evidence, or a newly discovered witness. Whatever rights appellant had to secure the attendance and testimony of the witness Ballard appear to have been waived when he did not present this as a ground for a continuance of his case.

We overrule the motion for rehearing.