Linda K. NELSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60967.

Court of Criminal Appeals of Texas, Panel No. 2.

March 3, 1982.

Robert E. Bastien, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty. and Michael L. Spruiell, Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and TEAGUE, JJ.

OPINION

TEAGUE, Judge.

This is an appeal from a conviction for committing the misdemeanor offense of

driving while intoxicated, Art. 6701*l*–1, V.A.C.S. After finding appellant guilty, a jury assessed her punishment at three days in the county jail and a fine of $50.

In her sole ground of error appellant contends the evidence was insufficient to support the verdict, in that there was no showing that she operated a motor vehicle, drove a vehicle on a public road or highway, or that she drove while intoxicated. We reluctantly agree that the State did not prove that appellant *drove her vehicle on a public road or highway.*

The State presented only three witnesses, a resident near where appellant drove her car into a ditch, and two Department of Public Safety troopers who investigated the incident and arrested appellant. Appellant put on no witnesses during the guilt-innocence stage of the trial.

The resident, Paul Onhiser, testified that he lived about half a block from the intersection of Crane and Western Streets, where there is "a fairly large and deep ditch." On the evening of December 16, 1977, Onhiser, while talking to his son in front of his house, heard a thud, turned, and saw a car in the ditch. He then approached the car, which took just "minutes" to get to, and saw appellant getting out of the car on the driver's side. He saw no one else in the car, was in a position to see anyone who might have been in the car, and did not think anyone could have gotten out of the car without him seeing them. At this time appellant was alternately laughing and crying, but did not say anything about another driver.

State Trooper Davis stated that subsequent to the report of a minor traffic accident, he and State Trooper Lamb arrived at the scene where they "saw [appellant] and her vehicle at the intersection of Western Street and Crane Street in Freddisville," which was in Galveston County. Davis observed that appellant "had a very strong odor of an alcoholic beverage on her breath." He also testified: "She couldn't hardly stand up by herself. She had been crying, cry, wouldn't cry, you know, off and on like that. In my opinion, she was extremely intoxicated." Appellant also responded to a question asked her by Lamb, by replying that she was the driver of the vehicle in the ditch.

After examining appellant's car and determining there was no damage to it, the troopers "talked to [appellant] a little bit more," then placed her under arrest for driving while intoxicated, and took her to the La Marque Police Department. Appellant never mentioned to them that anyone else was driving the car, but stated she did not like being arrested for driving while intoxicated, and was belligerent off and on while she was in the police car enroute to the police station.

Lamb's testimony merely reiterated that of Davis. Lamb was "called to work on an accident at Crane and Western Street in Hitchcock," where he saw "a vehicle in the ditch." He walked up to the group of people standing outside the vehicle and "asked who the driver was." Appellant "stepped forward and stated that she was the driver," and "said something that she had run off in the ditch, you know, but she didn't elaborate on it." She was crying and nearly hysterical, but never mentioned to Lamb that someone else was driving the vehicle.

After the trial court ruled that appellant's motion for an instructed verdict was good, because there had been no showing that a public road was involved, upon motion of the prosecuting attorney the court allowed the State to reopen its case.[1] Lamb

1. The record reflects the following:

THE COURT: As to your [the defense attorney] second point, there is not evidence of a public road in this county and I sustain this part. You [the prosecuting attorney] did not prove this is a public road. I have no idea where Freddisville is or whether Crane and Western Streets are private subdivisions or a public road system.

MR. STOUT [the prosecutor]: Your Honor, I would like to point out that the first witness pointed out that it was right off Highway 6, Western and Crane, and that he lived on the corner of that intersection and the Court has the right to take judicial notice of the fact that that is a public road in the County of Galveston.

then testified that "at this corner where the ditch is located right-off Highway 6, this intersection of Western Street and Crane Street," the corner was a public road, "freely accessible and used by the public."

This Court stated in *Ford v. State*, 571 S.W.2d 924 (Tex.Cr.App.1978): "While it is true that when the sufficiency of the evidence is challenged we are required to view the evidence in a light most favorable to the verdict, *Rogers v. State*, 550 S.W.2d 78 (Tex.Cr.App.1977). However, the rule has long been that a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting only to a strong suspicion or mere probability is insufficient. *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Cr.App.1977). In *Young v. State*, 544 S.W.2d 421 (Tex.Cr.App.1976), we said:

In ascertaining whether the guilt of the accused has been established to a moral certainty, the appellate court will review the evidence in light of the presumption that the accused is innocent. The court will not presume any acts against the accused that are not shown to have been committed by him. *Furthermore, a conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged.* (Emphasis added.)

In this cause, just as in *Shaw v. State*, 622 S.W.2d 862 (Tex.Cr.App.1981), "the evidence clearly fails to show that appellant was driving upon a public road or highway." There is no showing that access to

the ditch was possible only from the public roads which were mentioned in the testimony.

We stated in *Johnson v. State*, 517 S.W.2d 536 (Tex.Cr.App.1975):

"To sustain a conviction for driving a motor vehicle while intoxicated, *the evidence must show that the appellant drove the vehicle, Gamboa v. State*, 481 S.W.2d 423 (Tex.Cr.App.1972); *Weldon v. State*, 397 S.W.2d 859 (Tex.Cr.App.1966); *Sharp v. State*, 164 Tex.Cr.R. 80, 296 S.W.2d 932 (Tex.Cr.App.1957), *that he drove while he was intoxicated, Gilder v. State*, 474 S.W.2d 723 (Tex.Cr.App.1972), *and that he drove on a public road or highway or a street or alley, Harris v. State*, 499 S.W.2d 9 (Tex.Cr.App.1973). In this case there is no evidence that the ditch where [appellant's vehicle] was standing was in the street right-of-way. There is no evidence that ... tracks made by [appellant's vehicle] came from the direction of the street, as in *Sandford v. State*, 169 Tex.Cr.R. 388, 334 S.W.2d 184 (1960), or that a trail of water leaking from the radiator came from the direction of the street, as in *Rawls v. State*, 167 Tex.Cr.R. 106, 318 S.W.2d 662 (1958)."

A question or two by the prosecuting attorney of any of his witnesses would probably have established that appellant's car came from the direction of the public roads, Crane or Western Streets, thereby establishing circumstantially that the appellant drove on a public road, but the State failed to prove this necessary fact even though given the opportunity by the trial court to reopen its case.[2]

THE COURT: I do not know that Crane and Western Street in Freddisville are public roads in this county. If you want to reopen your case, you may do so, but at this point the Motion is good.
MR. STOUT: The State would ask to reopen its case to prove it is a public road. (Statement of Facts, Vol. II, pp. 20–21).

2. It is obvious by the record on appeal that neither the trial court nor the prosecuting attorney grasped the full import of Mr. Apfel's, the defense attorney, motion for instructed verdict, i.e., that the State had failed to prove "that [the appellant] drove an automobile on a

public highway ...," because the record reflects that all the prosecuting attorney proved when he recalled Lamb to testify was the fact the corner where the ditch was located "right off" Highway 6 was a public road.
Immediately after Lamb testified, Mr. Apfel again made a motion for instructed verdict, arguing, *inter alia*, that: "There is no evidence showing that the car came from a public roadway. For all we know, it could have come out of a pasture or out of a private driveway ... There is no evidence where it came from. It

The State proved that appellant drove her car into a ditch while she was intoxicated, see *Perez v. State*, 432 S.W.2d 954 (Tex.Cr.App.1968); *Sandoval v. State*, 422 S.W.2d 458 (Tex.Cr.App.1968); *Mixon v. State*, 367 S.W.2d 679 (Tex.Cr.App.1963); *Holder v. State*, 172 Tex.Cr.R. 153, 354 S.W.2d 153 (1962); *Capps v. State*, 171 Tex.Cr.R. 579, 352 S.W.2d 833 (1962); *Harrison v. State*, 171 Tex.Cr.R. 329, 350 S.W.2d 204 (1961); *Fancher v. State*, 167 Tex.Cr.R. 269, 319 S.W.2d 707 (1958); *Morgan v. State*, 164 Tex.Cr.R. 442, 300 S.W.2d 82 (1957), *but did not prove, in this circumstantial evidence case, to a moral certainty that she had driven the car on a public road or highway, a necessary element of the offense of driving while intoxicated.* See *Shaw v. State*, supra; *Ford v. State*, supra; *Johnson v. State*, supra; *Moore v. State*, 158 Tex.Cr.R. 234, 254 S.W.2d 520 (1953). For this reason, we are required to reverse the judgment and order an acquittal to be entered. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

The judgment is reversed, and we order the trial court to enter a judgment of acquittal in this cause.

could have came (sic) from a private driveway; could have came (sic) from the yard which the