IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-049-CR




RONALD J. HUTCHISON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY 



NO. 371,488, HONORABLE DAVID PURYEAR, JUDGE PRESIDING


 





PER CURIAM

 The county court at law found appellant guilty of driving while intoxicated, first
offense. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West Supp. 1993). The court assessed
punishment at incarceration for 180 days and a $1000 fine, probated.

 Shortly after 10:30 p.m. on August 9, 1991, Donald Thomas and his wife heard
a "horrendous noise, which we recognized being a vehicle crash" outside their house near
Pflugerville. While his wife called for help, Thomas drove to the scene of the accident near the
intersection of Cameron Road and Pflugerville Road East, approximately 100 yards from the
Thomas house. Thomas found a badly damaged pickup truck with the engine still running in a
culvert on his property. Appellant was lying on the ground just behind the vehicle, unconscious
and obviously injured. Thomas saw no one else in or near the truck. 

 Officer Dwayne Pruitt arrived at the scene a few minutes later. Pruitt determined
that the pickup had rolled over and landed upright. Appellant smelled strongly of alcoholic
beverage, and the officer found a cold can of beer beside the truck. From a check of vehicle
records, the officer determined that the truck was registered to appellant. Appellant was taken
to the hospital where a blood test revealed an alcohol concentration of 0.31. See art. 6701l-1(a)(2)(B).

 In his first point of error, appellant contends the evidence is legally insufficient to
prove that he was driving the pickup truck at the time and place in question. Appellant argues that
the evidence does not exclude the reasonable hypothesis that someone else was driving the truck
and walked away from the accident before Thomas and Pruitt arrived. Appellant relies on the
opinions in Ballard v. State, 757 S.W.2d 389 (Tex. App.--Houston [1st Dist.] 1988, pet. ref'd)
and Reddie v. State, 736 S.W.2d 923 (Tex. App.--San Antonio 1987, pet. ref'd).

 Ballard and Reddie are distinguishable from this cause because they are based on
the reasonable alternative hypothesis construct abandoned by the Court of Criminal Appeals in
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). In Geesa, the court ruled that appellate
courts are no longer to use the reasonable alternative hypothesis construct to determine the
sufficiency of circumstantial evidence. Id. at 161. We hold that from the evidence in this cause,
a rational trier of fact could infer beyond a reasonable doubt that appellant was the driver of the
pickup truck at the time of the accident. See Jackson v. Virginia, 443 U.S. 307 (1979); Griffin
v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Even in the absence of the Geesa holding,
we would find the evidence sufficient because appellant's alternative hypothesis is based on pure
speculation. Pope v. State, 802 S.W.2d 418, 420 (Tex. App.--Austin 1991, no pet.). Point of
error one is overruled.

 Appellant's second point of error also challenges the legal sufficiency of the
evidence, this time with regard to the proof that he drove the vehicle in a public place. Appellant
notes that the ditch in which the truck was found was shown to be on Thomas's property. 
Appellant argues that there is no evidence that either Cameron Road or Pflugerville Road East are
public roads. Finally, he urges that the evidence does not establish that the only access to the
ditch was by public road or highway, and thus does not exclude the possibility that he was driving
on private property. In support of these contentions, appellant cites Nelson v. State, 628 S.W.2d
451 (Tex. Crim. App. 1982).

 Again, the opinion on which appellant relies is both factually and legally
distinguishable. Nelson was decided before Geesa and expressly relied on the reasonable
alternative hypothesis construct that does not apply in this cause. Nelson, 628 S.W.2d at 453. 
In addition, Nelson was decided at a time when article 6701l-1 required proof that the accused was
driving upon a public road or highway. Act of May 28, 1979, 66th Leg., R.S., ch. 682, § 3,
1979 Tex. Gen. Laws 1608, 1609 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1, since amended). In
this cause, the State was required to prove only that appellant was driving in a public place. Art.
6701l-1(b). A "public place" means any place to which the public has access and includes, but
is not limited to, streets and highways. Tex. Penal Code Ann. § 1.07(29) (West 1974). 

 Thomas repeatedly referred to the "highway" bordering his property. Thomas also
said, when describing the sound of the accident, "We live near an intersection; we've heard it
before." This implies that the accident occurred in an area to which the public has access. 
Finally, Thomas testified that appellant's truck badly damaged the fence surrounding his property. 
Since appellant's truck was found inside the fence, this strongly suggests that appellant lost control
of the vehicle while outside the fence, and was not driving inside the fence on Thomas's property. 
We hold that a rational trier of fact could find beyond a reasonable doubt that appellant was
driving his pickup in a public place when he lost control, crashed through the fence, and came to
rest on Thomas's property. Point of error two is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: June 30, 1993

[Do Not Publish]