CAUSE NO. 76613-CR

THE STATE OF TEXAS                    239th District Court
vs                                    of
                    NOTICE OF ASSIGNMENT ON APPEAL

        ON THE 17th day of September, 2015, the defendant in the above styled and numbered

cause excepted to the order of the Court in said cause and gave Notice of Appeal to the Court of

Appeals, First Judicial District.

Date of Judgment or Other Order Appealed From: 8/19/15

Date of Sentencing: 8/19/15

Name of Trial Court Judge:    Pat Sebesta

Name of Court Reporter:       Ida Salinas

Name and Address of Defense Attorney on Appeal:
                        Joseph Lee Taylor, #95109, Pro Se
                        Brazoria County Jail
                        3602 Cr 45
                        Angelton, Texas 77515

Name and Address of Attorney for the State on Appeal:
                        Jeri Yenne, District Attorney
                        Brazoria County Courthouse
                        111 East Locust, Suite 408-A
                        Angleton, TX 77515

Defendant Incarcerated?      Yes

Motion for New Trial Filed?  9/17/15

Appeal Bond: No     Date N/A

Offense and Punishment: DRIVING WHILE INTOXICATED 3RD OR MORE - HABITUAL;
TWENTY SIX (26) YEARS - TDCJ-ID

                                RHONDA BARCHAK, District Clerk

                                By /S/ Kathleen McDougald, Deputy

Appeal Notice of Assignment

CAUSE NO. 76613-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 239ᵀᴴ JUDICIAL |
| V. | * | DISTRICT COURT OF |
| JOSEPH LEE TAYLOR | * | BRAZORIA COUNTY, TEXAS |

## DEFENDANT'S WRITTEN NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Joseph Lee Taylor, Defendant/Appellant in the above entitled numbered cause and respectfully files his Defendant's Written Notice of Appeal pursuant to Rule 25.2 Rules of Appellate Procedure in good faith. Defendant would show unto this Court as follows:

Defendant was convicted by a jury on August 18, 2015, and the court-appointed attorney mislead his client in changing the election to have the jury assess punishment. Which the Defendant was sentenced by the Trial Judge on August 19, 2015, sentencing the defendant to 26 years in the Texas Department of Criminal Justice – Institutional Division.

Defendant has the desire to appeal from the judgment or order appealable to the 1ˢᵗ or 14ᵗʰ Court of Appeals 301 Fannin St. Houston, Texas 77002, by signing the case to the court.

Defendant is challenging the indictment on the elements to constitute the offense as charged regarding the Court of the Court and the instruction of the law that lessen the State's burden of proof, the sufficiency of the evidence and ineffective assistance of counsel on failing to file a motion to suppress evidence of the blood withdrawing at the Hospital without a warrant; during pretrial pleadings, motion to quash the indictment and the re-indictment of the day of trial; did not protect hyis clients' right to 10 day preparation and/or a waiver. Counsel rendered ineffective assistance of counsel during the election of punishment from the election of the jury to hearing evidence on the punishment to assess punishment to allow the trial court to assess punishment by allowing the enhancement paragraphs to be used in violation of the statute Texas Penal Code section 49.09(g) both chapter is not available per se.

For the foregoing reasons, this Court should find that the Defendant is entitled to an appeal by Ordering the Court Reporter to prepare the notes, transcript into a statement of facts by filing it with the Court of Appeals and the Clerk to prepare the trial records for the Court of Appeal proceeding in indigent status on appeal.

WHEREFORE, PREMESIS CONSIDERED, Defendant prays that this Court will grant the Defendant the right to appeal the conviction and sentence in all things requested.

Respectfully submitted,

_Joseph Lee Taylor_

Joseph Lee Taylor #95109

3602 CR Rd 45

Angleton, TX 77515

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument Defendant's Written Notice of Appeal has been served on the opposing parties through the Assistant District Attorney of Brazoria County, Texas, 111 E. Locust Angleton, TX 77515 on this ___ day of September, 2015.

_Joseph Lee Taylor_

Joseph Lee Taylor

CAUSE NO. 76613-CR

| THE STATE OF TEXAS | * | IN THE 239TH JUDICIAL |
|---|---|---|
| V. | * | DISTRICT COURT OF |
| JOSEPH LEE TAYLOR | * | BRAZORIA COUNTY, TEXAS |

DECLARATION

"I, Joseph Lee Taylor #95109 from Brazoria County Jail 3602 Co. Rd. 45 Angleton, TX 77515, being presently incarcerated in Brazoria County Jail in Brazoria County, Texas, declare under penalty of perjury that the foregoing is true and correct."

Executed on September 17, 2015

Joseph Lee Taylor

CAUSE NO. 76613-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE 239TH JUDICIAL |
| V. | * | DISTRICT COURT OF BRAZORIA |
| JOSEPH LEE TAYLOR | * | BRAZORIA COUNTY, TEXAS |

DEFENDANT'S MOTION FOR NEW TRIAL

TO THE HORONABLE JUDGE OF SAID COURT:

COMES NOW Joseph Lee Taylor, Defendant in the above entitled numbered cause and respectfully files his Defendant's Motion for New Trial pursuant to Rule 21.3 Rules of Appellate Procedure. Defendant would show unto this Court as follows:

I

Defendant alleges that he was convicted for the offense on or about 3rd day of April, 2014, did then and there commit an offense hereafter styled the primary offense, in that said Defendant did operate a motor vehicle in a public in Brazoria County, Texas, to wit: a public roadway, while intoxicated;

And it is further presented to said court that prior to the commission of the primary offense by the said Defendant, on or about the 8th day of November, 1979, in the County Court at Law No. 9 of Harris County,Texas, Cause No. 05700076, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

And it is further presented to said court that prior to the commission of the primary offense by the said Defendant, on or about the 10th day of October, 1979, in the County Court at Law No. 9 Harris County, Texas, Cause No. 0557965, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

And it is further presented to said court that prior to the commission of the primary offense by the said Defendant, on or about the 4th day of May, 1995, in the County Court of Austin County, Texas, Cause No. 13014, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

And it is further presented to said court that prior to the commission of the primary offense by the primary offense by the said Defendant, on or about the 20th day of April, 2005, in the County Court at Law No. 3 of Brazoria County, Texas, Cause No. 137428B, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

And it is further presented to said court that prior to the commission of the primary offense by the said Defendant, on or about the 4th day of November, 2009, in the 177th District Court of Harris County, Texas, Cause No. 1239426, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

## ENHANCEMENT PARAGRAPHS

And the Grand Jurors Aforesaid do further present that before the commission of the primary offense, on or about the 7th day of November, 1983, in Cause Number 0889774 in the 184th District Court of Harris County, Texas, the defendant was convicted of the felony of Robbery;

And the Grand Jurors Aforesaid do further present that before the commission of the primary offense, and after the conviction in Paragraph One of the Enhancement allegation was final the defendant committed the felony of Possession of a Controlled Substance and was convicted on or about the 22nd day of July, 1993, in Cause No. 0669865, in the 182nd District Court of Harris County, Texas; against the peace and dignity of the State.

II

The Prosecutor moved to transfer documents of an additional indictment in Cause No. 73922 & 76613-CR on August 17, 2015, which is a re-indictment of the case in cause number 73922.

Defendant's attorney Zachary S. Maloney filed Defendant's Election As To Punishment and, prior to the commencement of voir dire, elects for the jury to assess punishment in the event of conviction on August 17, 2015.

After the Court hearing the evidence, the Jury rendered a guilty verdict from the Charge of the Court instruction per se on August 18, 2015, and the Defendant's counsel mislead him into a change in punishment for sentencing on August 19, 2015. The trial Court assessed punishment at 26 years confinement in the Texas Department of Criminal Justice – Institutional Division for the offense pursuant to Texas Penal Code Section 49.09(b) supra.

III

Defendant alleges that he is entitled to a setting, docketing and a hearing of his Motion for a New Trial to hear evidence to determine the merits for relief on the following grounds:

1) Denial of a fair trial pursuant to ineffective assistance of counsel in failing to protect the Defendant's rights to a effective assistance pursuant to the 4th, 5th, 6th, 7th, and 14th Amendments of the United States Constitution and cited authorities; a) counsel failed to file motion to suppress the blood withdrawal at the Hospital from an accident that occurred on the day in question, in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant. The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." Our cases have held that a warrantless search of the person is reasonable only if it falls within a recognized exception. See, e.g., United States v. Robinson, 414 U>S. 218, 224 (1973). That principle applies to the type of search at issue in this case, which involved a compelled physical intrusion beneath Taylor's skin and into his veins to obtain a sample of his blood for use as evidence in a criminal investigation.

Such an invasion of bodily integrity implicates an individual's "most personal and deep-rooted expectations of privacy." Winston v. Lee, 470 U.S. 753, 760 (1985); see also Skinner v. Railway Labor Executives' Assn., 489 U.S. 602, 616 (1989).

We first considered the Fourth Amendment restrictions on such searches in Schmerber, where, as in this case, a blood sample was drawn from a defendant suspected of driving while under the influence of alcohol. 384 U.S., at 758. Noting that "[s]earch warrants are ordinarily required for searches of dwellings," we reasoned that "absent an emergency, no less could be required where intrusions into the human body are concerned," even when the search was conducted following a lawful arrest. Id., at 770. We explained that the importance of requiring authorization by a "'neutral and detached magistrate'" before allowing a law enforcement officer to "invade another's body in search of evidence of guilt as indisputable and great." Ibid. (quoting Johnson v. United States, 333 U.S. 10, 13-14 (1948)). Further, counsel did not preserve the Defendant's rights in not objecting to the evidence being introduced into evidence by waiving the Defendant's right to preserve the challenge to the evidence in error. Holmes v. State, 248 S.W.3d 194 (Tex.Crim.App.2008).

2) Counsel did not make the proper objections to the Jury Charge on the grounds that same fails to allege an offense against this Defendant with that degree of certainty that will give Defendant notice of the particular offense with which Defendant is charged in violation of Texas Code of Criminal Procedure article 21.11, and fails to inform Defendant of the nature and cause of the accusation against Defendant in violation of article I, section 10 of the Constitution of the State of Texas, and the Sixth Amendment and Due Process Clause of the Fourteenth Amendment to the United States in that said indictment fails to allege culpable mental state to determine the nature of the offense [commit an offense hereafter styled the primary offense, in that said Defendant did operate a motor vehicle in a public place in Brazoria County, Texas, to wit: a public roadway, while intoxicated; and that the said Defendant has previously been convicted] is ground to quash the indictment because the State did not prove the required elements as alleged in the Charge of the Court [Our statute provides that any person who is intoxicated while driving or operating a motor vehicle in a public place, and who has previously been convicted two or more times of the offense of driving or operating a motor vehicle upon public road or in a public place while intoxicated, commits the offense of Driving While Intoxicated – Felony] Counsel did not object to the Charge of the Court that limits the State's burden of proof in misleading terms [All persons are presumed to be innocent and no person may be be convicted unless each element of an offense is proved beyond a reasonable doubt.] [The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.]

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

[It is not required that the prosecution proves guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.]

Defendant alleges that the nature of the wording is a cause of the fact findings for the jury to determine the meaning of the instruction that causes the minds to question the law that has been interpreted to the jurors to understand in a specified way.

(3) Issues on motion to quash are now: (1) whether notice was adequate to prepare defense; (2) whether there was an actual impact on ability to prepare dense; (3) extent of impact. Adams v. State, 707 S.W.2d 900 (Tex.Crim.App.1986); Walters v. State, 704 S.W.2d 330 (Tex.Crim.App.1986). See also Sanchez v. State, 120 S.W.3d 369 (Tex.Crim.App.2003).

The trial court erred in that the evidence was insufficient to sustain the conviction for driving while intoxicated. Rouse v. State, 651 S.W.2d 736 (Tex.Crim.App.1983) A parking lot is not a public road for purposes of driving while intoxicated; nevertheless, the evidence may prove the existence of a road running through the parking lot.

Counsel did not make any attempts to research the law in this area to properly investigate a possible defense. Nelson, 628 S.W.2d 451 (Tex.Crim.App.1982) The State showed that the defendant was intoxicated and drove into a ditch. The evidence was insufficient to show that she drove on a public road or highway to get into the ditch.

In the instant case, the State did not introduce evidence sufficient to prove the required element, it was not shown that the defendant drove on a public highway. Shaw v. State, 622 S.W.2d 862 (Tex.Crim.App.1981).

The defendant must be granted a new trial, or a new trial on punishment, for any of the following reasons:

(b) when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;

(c) when the verdict has been decided by lot or in any manner other than a fair expression of the jurors' opinion;

(h) when the verdict is contrary to the law and the evidence.

Counsel did not file a motion to quash the enhancement paragraphs on the grounds that it was over 10 years between the dates of the offense on or about the 8th day of November, 1979, in the County Court at Law No. 9 of Harris County, Texas, Cause No. 0570076 and the offense on or about the 4th day of May, 1995, in the County Court of Austin County, Texas, Cause No. 13014, the said Defendant was duly and legally convicted of an offense of driving while intoxicated. Howard v. State, 137 S.W.3d 282 (Tex.App.-Fort Worth 2004, pet. ref'd) The evidence was insufficient to prove felony DWI because, during the ten years after the defendant's first DWI conviction, he did not get another DWI conviction. The earlier conviction was therefore not available for enhancement.

In the instant case, counsel misled his client in the punishment proceedings in changing the election of punishment that caused harm to the outcome of the proceedings in error. Ex parte Walker, 794

S.W.2d 36 (Tex.Crim.App.1990) The defendant received ineffective assistance of counsel where in attorney, after recommending jury sentencing and preparing an election for the jury to set punishment, failed to file the election at the proper time. (His attempt at untimely filing was rejected by the trial court.)

Defendant alleges that he was denied the right to effective assistance of counsel. Defendant's conviction was void because counsel did not render effective assistance. Ex parte Walker, 777 S.W.2d 427 (Tex.Crim.App.1989) The defendant's sentence was set aside because of ineffective assistance of counsel on punishment.

There has been a serious error committed by counsel's failure to preserve error in that the State re-indicted the defendant before trial because of the indictment preparation concerning the enhancement paragraphs per se and no ten day notice or waiver appears in the trial court's records pursuant to Article 28.10(c) Code of Criminal Procedure. Defendant's conviction was void because the court-appointed attorney was not allowed ten days to prepare for trial and there was no waiver of right accorded defendant by statute. Ex parte Gudel, 368 S.W.2d 775 (Tex.Crim.App.1963) Denial of the ten days allowed court appointed counsel to prepare for trial violated the statute and infringed the rights of the accused to the assistance of counsel for his defense under the Sixth Amendment to the Constitution of the United States. Under the record, the conviction cannot stand. See Exhibits attached Zach Maloney filed on August 17, 2015, letter received additional discovery in Cause No. 73922

Defendant argues that (1)defense Counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different. Defendant argues that if, he knew the law in this area he would not have allowed the attorney to misled him into changing the election to allow the jury to sentence him and was not with the understanding of the law pursuant to enhancement paragraph use. See Texas Penal Code section 49.09. Enhanced Offenses & Penalties

(g) A conviction may be used for purposes of enhancement under this section or enhancement under Subchapter D, Chapter 12, but not under both this section and Subchapter D.

Defendant argues that the trial court committed error in assessing the sentence by using the enhancements to enhance the misdemeanor DWI to a felony that the statute does not allow to use both for punishment purposes under Chapter D Texas Penal Code section 12.42(D) See Ex parte Miller, 310 S.W.3d    (Tex.Crim.App.2011).

Defendant moves to withdraw his plea of the change of punishment due to the on the grounds that the attorney mislead him in the area of the statute supra. Defendant has reason to believe that there was an issue that counsel failed to consider in his judgment in his representation of his client in error and he would not have make this error if he knew the law.

For the foregoing reasons, this Court should find that the Defendant is entitled to a new trial on guilt and innocence and/or both on punishment. Or in the alternative find that the Defendant is entitled to new trial pursuant to ineffective assistance of counsel.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will grant a hearing to develop the evidence to support his ineffective assistance of counsel claim against the court appointed counsel by setting these matters before the 75th day period and after hearing the evidence grant new trial on the merits. Or in the alternative, grant additional relief justly entitled.

Respectfully submitted,

*Joseph Lee Taylor*

Joseph Lee Taylor#95109

3602 Co. Rd. 45

Angleton, TX 77515

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument Defendant's Motion for New Trial has been served on the opposing parties through Travis Townsend Assistant District Attorney 111 E. Locust Angleton, TX 77515, on this 17th day of September, 2015.

*Joseph Lee Taylor*

Joseph Lee Taylor

CAUSE NO. 76613-CR

| THE STATE OF TEXAS | * | IN THE 239TH JUDICIAL |
|---|---|---|
| V. | * | DISTRICT COURT OF |
| JOSEPH LEE TAYLOR | * | BRAZORIA COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this ___ day of _____, personally appeared, who after being duly sworn and stated under oath:

"I am Joseph Lee Taylor, Defendant/Applicant in the above- entitled numbered cause. I present that I received ineffective assistance of counsel through Zachary Maloney Attorney at Law that represented me during trial and punishment. Counsel did not object to the evidence being introduced prior to trial by filing a motion to suppress evidence and to preserve my rights during trial on the merits, for preserving the rights to an appeal that caused harm to the outcome of the trial, in not objecting to the evidence that was offered of the blood that was withdrawn at the Hospital without a warrant to protect me rights to search and seizure of evidence used against the defendant during trial in error.

I have read the foregoing Motion for New Trial and swear that all of the allegations of fact contained therein are true and correct."

_____
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this ___ day of _____, 2015.

My Commission Expires:

_____

Notary Public

## DECLARATION

"I, Joseph Lee Taylor #95109 from Brazoria County Jail 3602 Co. Rd. 45 Angleton, TX 77515, being presently incarcerated in Brazoria County Jail in Brazoria County, Texas, declare under penalty of perjury that the foregoing is true and correct."

Executed on September 17, 2015

_____
Joseph Lee Taylor

CAUSE NO. 76613-CR

| THE STATE OF TEXAS | * | IN THE 239TH JUDICIAL |

THE STATE OF TEXAS      *      IN THE 239TH JUDICIAL

V.      *      DISTRICT COURT OF

JOSEPH LEE TAYLOR      *      BRAZORIA COUNTY, TEXAS

## ORDER SETTING HEARING DATE

it is ordered THAT THE HEARING ON THE Motion for New Trial is hereby set for _____a.m, on the _____ day of _____, 2015, in the courtroom of the 239th District Court of Brazoria County, Texas, 111 E. Locust Angleton, TX 77515.

SIGNED AND ENTERED on this ___ day of _____, 2015.

_____

Judge Presiding

RECEIVED

SEP 1 7 2015

Rhonda Barchak
Brazoria County
District Clerk

CAUSE NO. 76613-CR

| THE STATE OF TEXAS | * | IN THE 239TH JUDICIAL |
| V. | * | DISTRICT COURT OF |
| JOSEPH LEE TAYLOR | * | BRAZORIA COUNTY, TEXAS |

## ORDER OF THE COURT

BE IT REMEMBERED that on this __ day of _____, 2015, it came to be heard Defendant's Motion for New Trial on the allegations of facts contained therein. After hearing the merits. It is this Court's Opinion that the Defendant is entitled to relief.

It is Ordered, Adjudged and Decreed, that the Defendant's Motion for New Trial is hereby (Granted)

It is Ordered, Adjudged and Decreed, that the Defendant is entitled to a New Trial on Punishment is hereby (Granted)

It is Ordered, Adjudged and Decreed, that a new trial be conducted in the above-entitled and numbered cause.

It is Ordered, Adjudged and Decreed, that the Defendant is entitled to withdraw his plea of true under misleading advice of representation is hereby (Granted)

It is Ordered, Adjudged and Decreed, that the Defendant is entitled to additional relief just entitled is hereby (Granted)

SIGNED AND ENTERED on this __ day of _____, 2015.

_____
Judge Presiding

RECEIVED

SEP 1 7 2015

Rhonda Barchak
Brazoria County



NO. 73922

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 239th JUDICIAL DISTRICT |
| | § | |
| JOSEPH LEE TAYLOR | § | BRAZORIA COUNTY, TEXAS |

## DEFENDANT'S ELECTION AS TO PUNISHMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Joseph Lee Taylor, the Defendant in the above styled and numbered cause, and, prior to the commencement of voir dire, elects for the jury to assess punishment in the event of conviction.

**FILED**

at_____o'clock_____M.

AUG 17 2015

Clerk of District Court Brazoria Co., Texas

BY_____ DEPUTY

76413-12

Respectfully submitted,
Maloney & Parks, L.L.P.
2925 Gulf Freeway S. Ste. B #295
League City, Texas 77573
Tel: (713) 228-2277
Fax: (866) 838-5656

By:_____
    Zachary S. Maloney
    State Bar No. 24030761

## CERTIFICATE OF SERVICE

This is to certify that on June 1?, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Brazoria County, Texas, by hand delivery.

_____
Zachary S. Maloney

CAUSE NO. 76613-CR

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| v. | * | BRAZORIA COUNTY, TEXAS |
| JOSEPH LEE TAYLOR | * | 239th JUDICIAL DISTRICT |

## AFFIDAVIT INABILITY TO PAY COST

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Joseph Lee Taylor, Petitioner in the above entitled numbered cause and respectfully request permission in leave to proceed on his Affidavit for Inability to Pay Cost pursuant to Rule 20.1 Rules of Appellate Procedure.

BEFORE ME, the undersigned authority personally appeared under oath:

"I am Joseph Lee Taylor, Affiant in the above entitled numbered cause and state that I am without sufficient funds to prepay the cost for the filing fees and prosecution of this Motion for New Trial and the appeal by ordering the court reporter to prepare her notes in preparation of the statement of facts and Clerk to prepare the record for the appellate record."

(1) The nature and amount of the party's current employment income, government-entitlement income, and other income; $ 0 per month;

(2) The income of the party's spouse and whether that income is available to the party; unknown;

(3) Real and personal property the party owns: none;

(4) Cash the party holds and amounts on deposit that the party may withdraw; none;

(5) The party's other assets; none;

(6) The number and relationship to the party of any dependents; none;

(7) The nature and amount of the party's debts; none;

(8) The nature and amount of the party's monthly expenses; $ 100.00;

(9) The party's ability to obtain a loan for court costs; none no credit is available;

(10) Whether an attorney is providing free legal services to the party without a contingent fee; not at this point and none is available; pro se;

(11) Whether an attorney has agreed to pay or advance court costs; no not at this time; and

(12) If applicable, the party's lack of the skill and access to equipment necessary to prepare the appendix, as required by Rule 38.5(d); no funds are available to pay the cost and no access to a copier to make the necessary documents for an appeal if necessary.

I have read the allegations of fact contained herein. I state there true and correct to the best of my knowledge.

_Joseph Lee Taylor_
Affiant

SUBSCRIBED AND SWORN to before me, on this ___ day of September, 2015.

My Commission Expires:

_____

Notary Public

## DECLARATION

"I, Joseph Lee Taylor #95109 from Brazoria County Jail 3602 Co. Rd. 45 Angleton, TX 77515, being presently incarcerated in Brazoria Jail in Brazoria County, Texas, declare under penalty of perjury that the foregoing is true and correct."

Executed on September 17, 2015

Joseph Lee Taylor



## Case No. 76613-CR
Incident No./TRN: 0120178648

| The State of Texas | § | In the 239th District Court |
|---|---|---|
| | § | |
| v. | § | of |
| | § | |
| Joseph Lee Taylor | § | Brazoria County, Texas |
| | § | |
| State ID No.: TX-01994592 | § | |

# Judgment of Conviction by Court—Waiver of Jury Trial

| Judge Presiding: | Hon. Patrick Sebesta | Date Judgment Entered: | 08/19/2015 |
|---|---|---|---|

| Attorney for State: | Travis Townsend | Attorney for Defendant: | Zachary Maloney |
|---|---|---|---|

Offense for which Defendant Convicted:
**Driving While Intoxicated 3rd or More – Habitual**

FILED
at 203 o'clock P M.

| Charging Instrument: | Statute for Offense: |
|---|---|
| Indictment | 49.09 (b) |

SEP 14 2015

Clerk of District Court Brazoria Co., Texas
BY _____ DEPUTY

Date of Offense:
04/03/2014

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| Third Degree Felony | Guilty | N/A |

Terms of Plea Bargain:
**26 Years TDCJ-ID**

| Plea to 1st Enhancement Paragraph: | True | Plea to 2nd Enhancement/Habitual Paragraph: | True |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | True | Findings on 2nd Enhancement/Habitual Paragraph: | True |

| Date Sentence Imposed: | 08/19/2015 | Date Sentence to Commence: | 08/19/2015 |
|---|---|---|---|

| Punishment and Place of Confinement: | 26 Years TDCJ-ID |
|---|---|

### This Sentence Shall Run Concurrent

☐ Sentence of confinement suspended, Defendant placed on community supervision for **N/A**

| Fine: | Attorney Fees: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|---|
| $0.00 | Waived | $384.00 | $0.00 | ☐ VICTIM (see below)  ☐ AGENCY/AGENT (see below) |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. Tex. Code Crim. Proc. chapter 62
The age of the victim at the time of the offense was N/A.

| Jail Time Credited: **401 Days** | Cost Covered by Time Served: **No** |
|---|---|

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Brazoria County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

Judgment Conviction-No Jury   76613-CR

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

#### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Brazoria County Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of **Brazoria** County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Brazoria** County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Brazoria County Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the **Brazoria County Collections Department.** Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

#### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

**N/A**

_____

Signed and entered this the _14_ day of _September_, _2015_.

X _____
Patrick Sebesta, Judge Presiding

Right Thumbprint

Judgment Conviction-No Jury   76613-CR

PLEA AGREEMENT

CAUSE NUMBER: 76613-R          DATE: 8·19·15

DEFENDANT: Joseph Lee Taylor

ATTORNEY: Zach Maloney          (APPOINTED) RETAINED

OFFENSE: Driving While Intoxicated 3rd or more- Habitual

| DEGREE & RANGE OF PUNISHMENT | ☐ 1ST – 5-99 years or Life up to $10,000 Fine ☐ 2ND – 2-20 years TDC up to $10,000 Fine ☑ 3RD – 2-10 years TDC up to $10,000 Fine | ☐ STATE JAIL FELONY - 180 days – 2 years State Jail up to $10,000 Fine ☐ 12.44a PC – 0-365 days county jail ☐ OTHER_____ |

PROCEED ON CT(S): ENHANCED — HABITUAL

REDUCED TO OFFENSE: _____

CJIS CODE: _____          ☐ Felony ☐ Misdemeanor

RANGE OF PUNISHMENT
GUILTY PLEA
DEFENDANT MUST ENTER PLEA ON OR BEFORE _____ OR OFFER EXPIRES.

ENHANCEMENT WAIVED: _____

RESTITUTION/REPARATION: NAME, ADDRESS AND AMOUNT:

DEFERRED PROBATION: _____

REGULAR PROBATION: _____

FILED
at 3:45 o'clock P M.

AUG 19 2015

TDCJ-ID: (NON-SHOCK) 26 years

STATE JAIL: (NON-SHOCK)

Clerk of District Court Brazoria Co, Texas

COUNTY JAIL:          BY _____ W _____ DEPUTY

FINE: _____

AFFIRMATIVE FINDINGS:

JAIL TIME CREDIT: 401 days

| Deadly Weapon: ☐ YES | Family Violence: ☐ YES | Age-Based Sex Offense: ☐ YES |

DRIVER'S LICENSE SUSPENSION TIME:

| DWI Ignition Motor Interlock: ☐ YES | Motor Fuel Theft: ☐ YES |

**DEFENDANT SHALL BE RESPONSIBLE FOR THE PAYMENT OF FINES, COURT COSTS, AND ANY COURT APPOINTED ATTORNEY FEES HEREIN; DEFENDANT HEREBY WAIVES APPEAL ON GUILT/INNOCENCE AND PUNISHMENT**

| SPECIAL TERMS OF PROB: | ☐ _____ hours Inmate Community Service | ☐ Domestic Violence Addendum |
| ☐ _____ / 60 consecutive days county jail, day for day; or | ☐ $ _____ Crime Stoppers Fee | ☐ Sex Offender Addendum |
| ☐ _____ / 160 / 120 hours community service(circle one) **Minimum 120 hours** | ☐ Substance Abuse Caseload | ☐ Mental Health Addendum |

OTHER COMMENTS: Defendant waives right to appeal

I UNDERSTAND THE TERMS OF THE PLEA AGREEMENT STATED ABOVE. I ACCEPT THE PLEA AGREEMENT AND REQUEST THE COURT TO ACCEPT IT. I UNDERSTAND THAT IF I AM RECEIVING PROBATION THAT THERE ARE NUMEROUS TERMS AND CONDITIONS OF PROBATION WHICH I ACCEPT. I UNDERSTAND THAT AS A TERM OF PROBATION I HAVE CHOSEN COMMUNITY SERVICE IN LIEU OF JAIL TIME. I AM REPRESENTING TO THE COURT THAT I AM PHYSICALLY CAPABLE OF PERFORMING COMMUNITY SERVICE AND I UNDERSTAND THAT IF I COME BACK AT A LATER DATE AND TELL THE COURT THAT I AM NOT CAPABLE OF PERFORMING COMMUNITY SERVICE THEN THE FULL AMOUNT OF JAIL TIME WILL BE ORDERED.

DEFENDANT'S STREET ADDRESS: _____

DEFENDANT'S MAILING ADDRESS: _____

DEFENDANT

I BELIEVE MY CLIENT, _____, UNDERSTANDS THE PLEA AGREEMENT STATED ABOVE AND I JOIN IN HIS/HER REQUEST FOR THE COURT TO ACCEPT IT.

ATTORNEY FOR DEFENDANT
BAR ID NO  24030761

THE PLEA AGREEMENT STATED ABOVE ACCURATELY REFLECTS THE STATE'S OFFER.

ASSISTANT CRIMINAL DISTRICT ATTORNEY
BRAZORIA COUNTY, TEXAS          [Rev 01/14]

"I also waive the right to be accused by indictment where proceeding by information is pursuant to Art. 1.141 C.C.P. I also give up my right to confidentiality pursuant to Art. 42.12 (9) C.C.P. I stipulate that the information contained in affidavits, witness statements and exhibits introduced herein are true and correct and if the witnesses were called to testify that they would testify substantially in accordance with the information contained therein. I also waive and give up the 30 days provided in which to file a motion for new trial, motion for arrest of judgment and notice of appeal and I waive my right to appeal. I understand that if I am probation eligible, prior to the imposition of sentence the Court shall direct a supervision officer to prepare a pre-sentence report unless I agree to waive that requirement. After consultation with my attorney, I waive that requirement. I completely understand all of the written waivers, stipulations and motions herein stated in connection with the plea, and each was done freely, voluntarily, and intelligently."

The State and I mutually recommend to the Court the punishment in this case be assessed at: **26** (~~Days/Months~~/**Years**) (~~Brazoria County Jail~~/**TDCJ–Institutional Division** / ~~State Jail Division~~), and a fine of $ _0.00_, (____) Repayment of cost and attorney fees or (____) Cost and attorney fees covered by jail time.

### I agree and stipulate that my jail credit for time served is <u>401</u> days.

( ) <u>Guilty Plea</u>: Understanding and agreeing to all of the above, I freely and voluntarily plead guilty and confess my guilt to have committed each and every element of the offense(s) alleged in the indictment or information by which I have been charged in this case and I agree and stipulate that the facts contained in the indictment or information are true and correct and constitute the evidence in this case. Where the State is proceeding on a lesser included offense arising out of said indictment or information, I plead guilty and confess my guilt to having committed each and every element of the lesser included offense only.

I plead true to the enhancements pled in this case and not abandoned by the State.

_____     Dated this _19th_ day of _August_ , 20_15_.
Defendant

I acknowledge that if I am not a citizen of the United States, my attorney has advised me of the immigration consequences of my guilty/nolo contendere plea. Furthermore, regardless of the consequences of the application of immigration/deportation law, I am knowingly, intelligently, and voluntarily pleading guilty/no contest/true even if my plea/disposition of this case results in my deportation, expulsion from admission to this country and/or naturalization.

Defendant's initials: _____          Defense Attorney's initials: _____

Sworn to before me by the Defendant on this <u>19th</u>, day of <u>August 2015</u>.
**RHONDA BARCHAK, DISTRICT CLERK, BRAZORIA COUNTY, TEXAS**

BY: _____
**Deputy District Clerk**

We join in and approve the plea agreement, all waivers and stipulations made above by this Defendant including the Defendant's waiver of trial by jury. We also agree that the Defendant is legally competent to stand trial. We also agree that all statements of the Defendant were freely and voluntarily made and that the Defendant's plea was freely and voluntarily entered and Defendant understands the Court's admonitions given to him in accordance with Art. 26.13 C.C.P. and that Defendant is aware of the consequences of this plea. The Court duly arraigned the Defendant in accordance with Chapter 26 C.C.P.

_____          _____
**Assistant Criminal District Attorney**          **Counsel for Defendant**

I have this day approved and accepted the above admonishments, waivers, stipulations and pleas of guilty. I find the Defendant guilty of the offenses charged and assess Defendant's punishment as stated in the recommendations.

I also make the following findings: _____

Signed on this <u>19th</u> day of <u>August 2015</u>.

_____
**Judge Presiding**

Felony Plea Packet-Incarceration

Defendant's Admonitions, Waivers, Judicial Confessions,
Statements, Plea, Probation and Appeal-Felony Less Than Capital
**(Incarceration)**
239th District Court, Brazoria County Texas

For District Clerk Use Only:

FILED

at_____o'clock_____M.

AUG 1 9 2015

Clerk of District Court Brazoria Co., Texas
BY_____DEPUTY

No.: **76613-CR**                    DATE: _____8/19/15_____

To: **Joseph Lee Taylor**, Defendant

PURSUANT TO ART. 26.13 C.C.P., YOU ARE HEREBY ADMONISHED BY THE COURT IN WRITING AS FOLLOWS:

1.  You are charged with the felony offenses(s) : **Driving While Intoxicated 3rd or More-Habitual**

2.  If convicted, you face the following range of punishment:
    ( ) **First Degree Felony**: A term of life or any term of not more than 99 years or less than 5 years in the Institutional Division of the Texas Department of Criminal Justice; and, in addition, a possible fine not to exceed $10,000.00
    ( ) **Second Degree Felony**: A term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice; and, in addition, a possible fine not to exceed $10,000.00
    (X) **Third Degree Felony**: A term of not more than 10 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice; and, in addition, a possible fine not to exceed $10,000.00
    ( ) **State Jail Felony**: A term of not more than 2 years or less than 180 days in a state jail; and, in addition, a possible fine not to exceed $10,000.00
    ( ) **State Jail Felony punished under Section 12.44 (a) Penal Code**: Up to 1 year in the county jail
    (X) A term of not less than 25 years or more than 99 years, or life.
    _____

3.  **Plea Bargains**: If no plea bargain exists, the recommendation of the prosecuting attorney is not binding on the Court. If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the Court reject the agreement, you will be entitled to withdraw your plea.
4.  **Permission to Appeal**: Where your plea of guilty or nolo contendere (no contest) is voluntarily and understandingly entered with a plea bargain agreement and the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give permission before you can appeal on any matter in the case except for those matters raised by written motion filed and ruled on prior to trial. Where your plea of guilty or nolo contendere is voluntarily and understandingly entered without a plea bargain agreement, the plea waives or forfeits the right to appeal a claim of error pertaining to guilty only when the judgment of guilt was rendered independent of, and is not supported by, the error claimed.
5.  **Citizenship**: If you are not a United States citizen, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to this Country, or denial of naturalization under federal law.
6.  **Deferred Adjudication:** If the Court defers adjudicating your guilt and places you on community supervision, a violation of any condition of community supervision may result in proceedings being initiated whereby you are arrested and detained, as provided by law, for a hearing by the Court limited to a determination of whether to proceed with an adjudication of guilt on the original charge. After adjudication of guilt, all proceedings including pronouncement of sentence, granting of community supervision and your right to appeal continue as if adjudication of guilt has not been deferred. In addition, after adjudication of guilt, the punishment assessed may be any term within the range for the offense(s) and is not limited to the term of community supervision. If you successfully complete the deferred adjudication probation, you may have the right to petition the Court for an order of nondisclosure under Section 411.081, Government Code, unless you are ineligible to pursue that right because of the nature of the offense for which you were placed on deferred adjudication community supervision, or your criminal history.
7.  **Sex Offender Registration Program:** If convicted of or placed on deferred adjudication for an offense for which you are subject to registration under the Sex Offender Registration Program (Chapter 62 C.C.P.), you will be required to meet those registration requirements.
    Comes now the Defendant, joined by my counsel, state that, "I understand the foregoing admonishments from the Court and I am aware of the consequences of my plea. I further state that I am mentally competent, that my plea is freely and voluntarily made. If counsel is appointed, I waive any time provided me by law to prepare for trial under Art. 1.051 C.C.P. I am totally satisfied with the representation provided by my attorney who provided fully effective and competent representation under Art. 1.14 C.C.P. I give up all rights given to me by law, whether of form, substance or procedure, including any time limitations imposed under U.S. Constitution or Chapter 32 C.C.P. joined by my attorney. I give up all right to a jury in this case under Art. 1.13 C.C.P., and I give up my right to appearance, confrontation and cross-examination of witnesses under Art. 1.15 C.C.P. I consent to oral or written stipulations of evidence in this case. I have read, and/or my attorney has explained to me, the indictment or information filed against me in this case. I voluntarily waive reading of the indictment or information (and acknowledge timely service of a copy of same) and voluntarily waive the arraignment period pursuant to Art. 26.03 C.C.P."

Felony Plea Packet-Incarceration

Cause No.: **76613-CR**

| | | |
|---|---|---|
| The State of Texas | § | In the 239th District Court |
| | § | |
| vs. | § | Of |
| | § | |
| **Joseph Lee Taylor** | § | Brazoria County, Texas |

### Trial Court's Certification of Defendant's Right of Appeal*

I, judge of the trial court, certify this criminal case:

_____ is not a plea-bargain case, and the defendant has the right of appeal. [*or*]

_____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [*or*]

_____ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*]

_____ is a plea-bargain case, and the defendant has NO right of appeal. [*or*]

_____ The defendant has waived the right of appeal.

| | |
|---|---|
| _____ | _____8/19/2015_____ |
| Trial Court Judge | Date signed |

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. TEX.R.APP.P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

| | |
|---|---|
| _____ | _____ |
| Defendant | Defendant's Counsel |
| Mailing address: | State Bar of Texas ID No.: 24030761 |
| Telephone number: | Mailing address: 2925 Gulf Fwys. 1RBH 245 |
| Fax number (if any): | Telephone number: 713-228-2277 |
| | Fax Number (if any): 866-838-5856. |

Induct
1264610

NO. 73922                                                    BOND $ 15,000

THE STATE OF TEXAS V. **JOSEPH LEE TAYLOR**

CHARGE:     **DRIVING WHILE INTOXICATED 3RD OR MORE - HABITUAL**

WARRANT: F019405                          (Control No. 2014-04540)

WITNESS:            **NONE**

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Brazoria, State of Texas, duly selected, empaneled, sworn, charged, and organized as such for the District Court of said County, upon their oaths present in and to said court that **JOSEPH LEE TAYLOR**, hereinafter styled Defendant, on or about the **3rd** day of **April, 2014**, and before the presentment of this indictment, in the County and State aforesaid, did then and there commit an offense hereafter styled the primary offense, in that said Defendant did operate a motor vehicle in a public place in Brazoria County, Texas, to wit: a public roadway, while intoxicated;

And it is further presented to said court that prior to the commission of the primary offense by the said Defendant, on or about the 8th day of November, 1979, in the County Court at Law No. 9 of Harris County, Texas, Cause No. 0570076, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

And it is further presented to said court that prior to the commission of the primary offense by the said Defendant, on or about the 10th day of October, 1979, in the County Court at Law No. 9 of Harris County, Texas, Cause No. 0557965, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

And it is further presented to said court that prior to the commission of the primary offense by the said Defendant, on or about the 4th day of November, 2009, in the 177th District Court of Harris County, Texas, Cause No. 1239426, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

### ENHANCEMENT PARAGRAPHS

AND THE GRAND JURORS AFORESAID do further present that before the commission of the primary offense, on or about the 7th day of November, 1983, in Cause Number 0889774 in the 184th District Court of Harris County, Texas, the defendant was convicted of the felony of Robbery;

AND THE GRAND JURORS AFORESAID do further present that before the commission of the primary offense, and after the conviction in Paragraph One of the Enhancement allegation was final the defendant committed the felony of Possession of a Controlled Substance and was convicted on or about the 22nd day of July, 1993, in Cause No. 0669865, in the 182nd District Court of Harris County, Texas;

against the peace and dignity of the State.

**12984**

_____
**FOREMAN OF THE GRAND JURY**

FILED
at_____o'clock_____M.

AUG 1 7 2015

Clerk of District Court Brazoria Co., Texas
BY_____DEPUTY

166613-CR

Cause No. 73922
The State of Texas v. Joseph Lee Taylor
Charge: Driving While Intoxicated 3rd or More - Habitual

FILED
at_____o'clock_____M.

AUG 17 2015

Clerk of District Court Brazoria Co., Texas
BY_____DEPUTY
76613-CR

# RECEIPT

**August 4, 2015**

On this date August 4, 2015 I received additional discovery on above listed cause.

- Harris County Prior on Cause # 1239426

- Harris County Prior on Cause #557965

- Harris County Prior on Cause #570076

- Brazoria County Prior on Cause #137428B

- Face Sheet, Complaint and Information, Offense Report and PC on Resist Arrest case from Brazoria County with April 18th Offense date

Zach Maloney



## NO. 76613-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 239TH |
| VS. | § | DISTRICT COURT OF |
| JOSEPH LEE TAYLOR | § | BRAZORIA COUNTY, TEXAS |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

The Defendant, JOSEPH LEE TAYLOR, stands charged by indictment with the offense of Driving While Intoxicated 3rd or More, alleged to have been committed on or about the 3RD day of April, 2014, in Brazoria County, Texas. To this charge, the Defendant has pleaded not guilty. You are instructed that the law applicable to this case is as follows:

Our statute provides that any person who is intoxicated while driving or operating a motor vehicle in a public place, and who has previously been convicted two or more times of the offense of driving or operating a motor vehicle upon a public road or in a public place while intoxicated, commits the offense of Driving While Intoxicated - Felony.

"Public place" means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets and highways.

"Motor vehicle" means a device in, on, or by which a person or property is or may be transported or drawn on a highway.

1

The term "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body, or by having an alcohol concentration of 0.08 or more.

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, JOSEPH LEE TAYLOR, on or about the 3rd day of April, 2014, and before the presentment of this indictment, in the County and State aforesaid, did then and there commit an offense hereafter styled the primary offense, in that said Defendant did operate a motor vehicle in a public place in Brazoria County, Texas, to wit: a public roadway, while intoxicated; and that the said Defendant has previously been convicted of the following:

on or about the 8th day of November, 1979, in the County Court at Law No. 9 of Harris County, Texas, Cause No. 0570076, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

on or about the 10th day of October, 1979, in the County Court at Law No. 9 of Harris County, Texas, Cause No. 0557965, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

on or about the 4th day of May, 1995, in the County Court of Austin County, Texas, Cause No. 13014, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

on or about the 20th day of April, 2005, in the County Court at Law No. 3 of Brazoria County, Texas, Cause No. 137428B, the said Defendant was duly and legally convicted of an offense of driving while intoxicated;

2

on or about the 4th day of November, 2009, in the 177th District Court of Harris County, Texas, Cause No. 1239426, the said Defendant was duly and legally convicted of an offense of driving while intoxicated then you will find the defendant, JOSEPH LEE TAYLOR, guilty of the offense of Driving While Intoxicated 3rd, or More, as set forth in the indictment.

Unless you find from the evidence beyond a reasonable doubt that the Defendant is guilty, or if you have a reasonable doubt thereof, you will acquit the Defendant of Driving While Intoxicated 3rd or More and say by your verdict not guilty.

You are further instructed that these five (5) prior convictions, if any, are to be considered for jurisdictional purposes only, and cannot be considered by you as a circumstance tending to prove that the Defendant was operating a motor vehicle in a public place while intoxicated on or about April 3, 2014.

All persons are presumed to be innocent and no person may be convicted unless each element of an offense is proved beyond a reasonable doubt. The fact that a defendant has been arrested, confined, or indicted for, or otherwise charged with an offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it

3

fails to do so, you must acquit the defendant.

It is not required that the prosecution proves guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty".

You are limited in your deliberations upon a verdict to the consideration and discussion of such facts and circumstances only as were admitted in evidence, or as are reasonably deducible from the evidence, and no juror is permitted to communicate to any other juror anything she or he may have heard regarding the case or any witness therein, from any source other than the witness stand. In deliberating on the cause you are not to refer to or discuss any matter or issue not in evidence before you; nor talk about this case to anyone not of your jury.

During your deliberations you are instructed that you should not consider the remarks, rulings or actions of the judge presiding during this trial as any indication of the Court's opinion as to the existence or nonexistence of any fact or as an indication of the Court's opinion as to the guilt or innocence of the defendant.

You are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony, but you are bound to receive the law from the Court which is herein given you and be governed thereby.

You have been permitted to take notes during the testimony in this case. In the event

4

any of you took notes, you may rely on your notes during your deliberations. However, you may not share your notes with the other jurors and you should not permit the other jurors to share their notes with you. You may not use your notes as authority to persuade your fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts. They are personal memory aids, just like the notes of the judge and the notes of the lawyers. Notes are valuable as a stimulant to your memory. On the other hand, you might make an error in observing or you might make a mistake in recording what you have seen or heard.

Your deliberations at this time are limited solely to the issue of the guilt or innocence of the defendant of the offense charged, and you are not authorized to discuss punishment, if any, to be imposed.

After argument of counsel, you will retire and select one of your members as your presiding juror. It is her or his duty to preside at your deliberations and to vote with you in arriving at a verdict. Your verdict must be unanimous, and after you have arrived at your verdict, you may use the forms attached hereto by having your presiding juror sign her or his name. Your presiding juror will sign one form only.

After you have retired to consider your verdict, no one has the authority to communicate with you except the officer, bailiff of the Court, who has you in charge. In the event you desire to communicate with the Court on any matter in connection with your deliberations, your presiding juror will notify the bailiff, who will inform the Court thereof. Any communication relative to the cause must be written, signed by the presiding juror and

5

submitted to the Court through the bailiff of the Court.

FILED

at  1:17  o'clock  P  M.

AUG 1 9 2015

Clerk of District Court Brazoria Co., Texas

BY _____ DEPUTY

_____

JUDGE PRESIDING

6

FILED

at 2:53 o'clock P M.

AUG 1 9 2015

Clerk of District Court Brazoria Co., Texas

BY_____DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 239TH |
| VS. | § | DISTRICT COURT OF |
| JOSEPH LEE TAYLOR | § | BRAZORIA COUNTY, TEXAS |

## VERDICT

We, the jury, find the Defendant, JOSEPH LEE TAYLOR, guilty of the offense of Driving While Intoxicated 3rd or More, as charged in the indictment.

PRESIDING JUROR

7

## NO. 76613-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 239TH |
| VS. | § | DISTRICT COURT OF |
| JOSEPH LEE TAYLOR | § | BRAZORIA COUNTY, TEXAS |

## V E R D I C T

We, the jury, find the Defendant, JOSEPH LEE TAYLOR, not guilty of the offense of Driving While Intoxicated 3rd or More, as charged in the indictment.

_____
PRESIDING JUROR

8

EOP

NO. 73922

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| vs. | § | 239th JUDICIAL DISTRICT |
| | § | |
| JOSEPH LEE TAYLOR | § | BRAZORIA COUNTY, TEXAS |

## DEFENDANT'S ELECTION AS TO PUNISHMENT

## TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Joseph Lee Taylor, the Defendant in the above styled and numbered cause, and, prior to the commencement of voir dire, elects for the jury to assess punishment in the event of conviction.

**FILED**
at_____o'clock_____M.

AUG 17 2015

Clerk of District Court, Brazoria Co., Texas
BY_____DEPUTY
76413-CR

Respectfully submitted,
Maloney & Parks, L.L.P.
2925 Gulf Freeway S. Ste. B #295
League City, Texas 77573
Tel: (713) 228-2277
Fax: (866) 838-5656

By:_____
Zachary S. Maloney
State Bar No. 24030761

## CERTIFICATE OF SERVICE

This is to certify that on June 18, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Brazoria County, Texas, by hand delivery.

_____
Zachary S. Maloney

CAUSE NO. 76613-CR

| THE STATE OF TEXAS | * | IN THE 239TH JUDICIAL |
|---|---|---|

THE STATE OF TEXAS      *      IN THE 239TH JUDICIAL

V.      *      DISTRICT COURT OF

JOSEPH LEE TAYLOR      *      BRAZORIA COUNTY, TEXAS

ORDER SETTING HEARING DATE

it is ordered THAT THE HEARING ON THE Motion for New Trial is hereby set for _____a.m, on the _____ day of _____, 2015, in the courtroom of the 239th District Court of Brazoria County, Texas, 111 E. Locust Angleton, TX 77515.

SIGNED AND ENTERED on this __ day of _____, 2015.

_____
Judge Presiding

RECEIVED

SEP 1 7 2015

Rhonda Barchak
Brazoria County
District Clerk

CAUSE NO. 76613-CR

| THE STATE OF TEXAS | * | IN THE 239TH JUDICIAL |

THE STATE OF TEXAS                    *          IN THE 239TH JUDICIAL

V.                                    *          DISTRICT COURT OF

JOSEPH LEE TAYLOR                     *          BRAZORIA COUNTY, TEXAS

ORDER OF THE COURT

BE IT REMEMBERED that on this ___ day of _____, 2015, it came to be heard Defendant's Motion for New Trial on the allegations of facts contained therein. After hearing the merits. It is this Court's Opinion that the Defendant is entitled to relief.

It is Ordered, Adjudged and Decreed, that the Defendant's Motion for New Trial is hereby (Granted)

It is Ordered, Adjudged and Decreed, that the Defendant is entitled to a New Trial on Punishment is hereby (Granted)

It is Ordered, Adjudged and Decreed, that a new trial be conducted in the above-entitled and numbered cause.

It is Ordered, Adjudged and Decreed, that the Defendant is entitled to withdraw his plea of true under misleading advice of representation is hereby (Granted)

It is Ordered, Adjudged and Decreed, that the Defendant is entitled to additional relief just entitled is hereby (Granted)

SIGNED AND ENTERED on this ___ day of _____, 2015.

_____

Judge Presiding

**RECEIVED**

SEP 1 7 2015

**Rhonda Barchak
Brazoria County
District Clerk**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will grant a hearing to develop the evidence to support his ineffective assistance of counsel claim against the court appointed counsel by setting these matters before the 75th day period and after hearing the evidence grant new trial on the merits. Or in the alternative, grant additional relief justly entitled.

Respectfully submitted,

_____

Joseph Lee Taylor#95109

3602 Co. Rd. 45

Angleton, TX 77515

I hereby certify that a true and correct copy of the foregoing instrument Defendant's Motion for New Trial has been served on the opposing parties through Travis Townsend Assistant District Attorney 111 E. Locust Angleton, TX 77515, on this 17th day of September, 2015.

Joseph Lee Taylor

Joseph Lee Taylor

CAUSE NO. 76613-CR

| THE STATE OF TEXAS | * | IN THE 239TH JUDICIAL |

THE STATE OF TEXAS              *              IN THE 239TH JUDICIAL

V.                              *              DISTRICT COURT OF

JOSEPH LEE TAYLOR               *              BRAZORIA COUNTY, TEXAS

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this ___ day of _____, personally appeared, who after being duly sworn and stated under oath:

"I am Joseph Lee Taylor, Defendant/Applicant in the above- entitled numbered cause. I present that I received ineffective assistance of counsel through Zachary Maloney Attorney at Law that represented me during trial and punishment. Counsel did not object to the evidence being introduced prior to trial by filing a motion to suppress evidence and to preserve my rights during trial on the merits, for preserving the rights to an appeal that caused harm to the outcome of the trial, in not objecting to the evidence that was offered of the blood that was withdrawn at the Hospital without a warrant to protect me rights to search and seizure of evidence used against the defendant during trial in error.

I have read the foregoing Motion for New Trial and swear that all of the allegations of fact contained therein are true and correct."

_____

Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this ___ day of _____, 2015.

My Commission Expires:

_____

Notary Public

## DECLARATION

"I, Joseph Lee Taylor #95109 from Brazoria County Jail 3602 Co. Rd. 45 Angleton, TX 77515, being presently incarcerated in Brazoria County Jail in Brazoria County, Texas, declare under penalty of perjury that the foregoing is true and correct."

Executed on September 17, 2015

_____
Joseph Lee Taylor

12410

FILED
at 4:40 o'clock P M.

SEP 17 2015

_Ronda Banchak_
Clerk of District Court Brazoria Co., Texas
BY _Kmm_ DEPUTY

CAUSE NO. 76613-CR

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| v. | * | BRAZORIA COUNTY, TEXAS |
| JOSEPH LEE TAYLOR | * | 239th JUDICIAL DISTRICT |

## AFFIDAVIT INABILITY TO PAY COST

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Joseph Lee Taylor, Petitioner in the above entitled numbered cause and respectfully request permission in leave to proceed on his Affidavit for Inability to Pay Cost pursuant to Rule 20.1 Rules of Appellate Procedure.

BEFORE ME, the undersigned authority personally appeared under oath:

"I am Joseph Lee Taylor, Affiant in the above entitled numbered cause and state that I am without sufficient funds to prepay the cost for the filing fees and prosecution of this Motion for New Trial and the appeal by ordering the court reporter to prepare her notes in preparation of the statement of facts and Clerk to prepare the record for the appellate record."

(1) The nature and amount of the party's current employment income, government-entitlement income, and other income; $ 0 per month;

(2) The income of the party's spouse and whether that income is available to the party; unknown;

(3) Real and personal property the party owns: none;

(4) Cash the party holds and amounts on deposit that the party may withdraw; none;

(5) The party's other assets; none;

(6) The number and relationship to the party of any dependents; none;

(7) The nature and amount of the party's debts; none;

(8) The nature and amount of the party's monthly expenses; $ 100.00;

(9) The party's ability to obtain a loan for court costs; none no credit is available;

(10) Whether an attorney is providing free legal services to the party without a contingent fee; not at this point and none is available; pro se;

(11) Whether an attorney has agreed to pay or advance court costs; no not at this time; and

(12) If applicable, the party's lack of the skill and access to equipment necessary to prepare the appendix, as required by Rule 38.5(d); no funds are available to pay the cost and no access to a copier to make the necessary documents for an appeal if necessary.

I have read the allegations of fact contained herein. I state there true and correct to the best of my knowledge.

_Joseph Lee Taylor_
Affiant